# REPORT OF DECISIONS

## DETERMINED BY THE

# SUPREME COURT OF APPEALS

OF

# WEST VIRGINIA

---

MANUFACTURERS LIGHT & HEAT Co. *v.* ALVY U. LEMASTERS *et als.*

Submitted April 18, 1922.    Decided April 25, 1922.

PARTIES—*Court Should See That Interested Persons are Made Parties Before Entering Decree Affecting Their Interests.*

Generally, all persons who are materially interested in the subject-matter involved in a suit and who will be affected by the result of the proceedings should be made parties thereto, and when the attention of the court is called to the absence of any of such interested persons it should see that they are made parties before entering a decree affecting their interests.

Appeal from Circuit Court, Tyler County.

Bill of interpleader by Manufacturers' Light & Heat Company against Alvy U. Lemasters and others. From a decree therein, plaintiff appeals.

*Reversed and remanded.*

*Boreman & Carter,* for appellant.
*Underwood & Moore,* for appellee Enoch S. Lemasters.
*T. M. McIntire* and *J. W. McIntire,* for appellees Alvy U. Lemasters and others.

MEREDITH, JUDGE:

Plaintiff filed its bill of interpleader against Alvy U. Lemasters and Mollie E. Lemasters, his wife, Stella A. Le-

91 W. Va.

masters and H. O. Lemasters, her husband, and Enoch S. Lemasters, averring that, by an assignment from Tri-State Gas Company, it became the owner of an oil and gas lease covering 245 acres of land in Tyler County; that the lease was executed by O. W. O. Hardman, as guardian of the infant children of Amos Lemasters, deceased, on September 7, 1898, to E. H. Jennings and Brothers, and was assigned by them to the Tri-State Gas Company, and by it assigned to plaintiff; that the lessees before their assignment to Tri-State Gas Company drilled a gas well on the tract which ever since has been and is now producing gas in paying quantities; that since plaintiff became the owner of the lease, it has drilled a second well on said tract which ever since has been and is now producing gas in paying quantities; that plaintiff is entitled to pay $300 per year for each of said gas wells.      It further shows that after the execution of the lease, the 245 acre tract was partitioned among the heirs of Amos Lemasters, deceased, and the widow's dower was assigned; that out of the tract a parcel of 31 1-2 acres was assigned to the defendant, Stella A. Lemasters, and a parcel of 17 acres was assigned to defendant, Alvy U. Lemasters, children and heirs at law of Amos Lemasters, deceased; that on February 26, 1908, defendants, Stella A. Lemasters and husband, conveyed the 31 1-2 acre tract, subject to certain reservations to defendant, Alvy U. Lemasters, and a copy of the deed is exhibited; that on February 26, 1914, defendants, Alvy U. Lemasters and wife, conveyed to defendant, Enoch S. Lemasters, the 31 1-2 acre tract and the 17 acre tract, subject to certain reservations, and a copy of that deed is also exhibited.      Plaintiff also avers that whatever rights were reserved by Stella A. Lemasters and Alvy U. Lemasters in their respective deeds are still owned by them; while these reservations are not stated in the bill, yet the deeds show that they relate to the royalty oil which may be produced and the gas rentals which may arise from the particular tract or tracts conveyed by the deeds. Plaintiff avers that these two tracts are parts of the larger tract of 245 acres; that the lease was executed before the land was partitioned and dower assigned; that the two wells are

located on the 245 acre tract but the plaintiff does not know whether they or either of them are on the 17 acre tract or on the 31 1-2 acre tract.

Plaintiff says that it has made all payments for the gas wells, required by the lease, and to the parties entitled thereto, except the one-fourth part now held by plaintiff, amounting to $450, and which amount is claimed by the defendants and that their claims thereto are conflicting; that plaintiff claims no interest in the subject of these conflicting claims and stands indifferent between the claimants and is willing to pay the amount to whomsoever may be entitled thereto, but it can not pay it with safety until they interplead and have their rights fixed and determined by the court and offers to pay the money into court or pay it as the court may direct.   The bill is properly verified, but it will be observed it does not exhibit the original lease nor does it in anywise refer to any rights to gas rentals that may thereafter accrue nor to any oil that may be thereafter produced.   The bill refers only to the $450 then in plaintiff's hands.

On February 26, 1920, a decree was entered requiring defendants to interplead and litigate their rights to the $450 and it was also decreed that plaintiff had no interest in the fund and that it pay the $450 to the clerk of the court, to be held by him pending the court's further order.

The defendants answered, setting up their respective claims not only to the $450 but also to the royalties of oil and gas that may be thereafter produced from the 31 1-2 acre tract, the 17 acre tract, and the residue of the 245 acre tract. From the answers and agreed statement of facts upon which the case was heard, it appears that Amos Lemasters died June 2, 1891, seized of the 245 acres, leaving surviving him Eliza A. Lemasters, his widow, and Lydia M. Haught, Lenora J. Lemasters, Albert Lemasters, Stella A. Lemasters, Nancy J. McKee, Laura B. Tennant, Alvy U. Lemasters and Lillie M. Ankrom, his only children and heirs at law; that under the lease made by the widow and heirs, dated September 19, 1898, the 245 acres were leased for oil and gas purposes to E. H. Jennings and Brothers, which lease by various

assignments is now owned by the plaintiff; that under said lease and prior to September 16, 1899, and before the institution of the suit for the assignment of dower in the land and partition thereof among the heirs, the original lessee drilled one well on the 245 acres, which well has been ever since and is now producing gas in paying quantities; the lands were on April 11, 1900, allotted and partitioned among the said widow and heirs at law but no partition was made of the oil and gas or the oil and gas rights and privileges in said lands in said partition suit or proceedings or since that time; that after partition a second well was drilled thereon by the then lessee which produced and is still producing gas in paying quantities; that the annual rental for the gas produced from the first gas well before the said partition, was divided equally among the eight heirs at law, and that after the said partition the said rentals were divided equally among the owners of the eight parts of the land allotted to the said heirs at law, each taking the one-eighth part, and that the annual rental for the second gas well was paid by the then lessee to the rightful owners of said parts of said land allotted to the said heirs at law, each taking the one-eighth part thereof; that the annual rental for the two gas wells was continued to be paid to the said owners of said eight allotted parts and equally divided among them until the year 1916, since which time two-eighths, or one-fourth, of the said annual rental, representing the two interests in said land, now owned by Enoch S. Lemasters has not been paid, but the other six-eighths of the said annual rental from said gas wells has been paid up to the present time to the other six owners of the said allotted parts of said land or to their assigns; that the annual rental or royalty from each of said wells is .$300; that the first gas well drilled upon the 245 acres was drilled on the part of said land which was assigned to the widow, Eliza A. Lemasters, as her dower, which land so allotted to the said widow is now owned by Jane Lemasters, she having become the owner of the dower interest of Eliza A. Lemasters which was sold in a creditors' suit, through certain deeds, one-fourth from the purchasers at the sale in said creditors' suit and certain    interests through

deeds from Lenora J. Tennant, Lydia M. Haught and Stella
A. Lemasters, and the remainder in said dower interest by
deeds from certain other heirs at law, in which deeds for
said remainder the grantors reserved their interest in the
oil and gas royalties, and which deeds were made at various
dates from the year 1910 up to 1915; that the second of
said gas wells was drilled upon that part of said 245 acres
which in the partition suit was allotted to Lenora J. Le-
masters and which parcel is now owned by Lydia M. Haught.

Stella A. Lemasters in said partition suit was assigned a
tract of 31 1-2 acres and Alvy U. Lemasters was assigned a
tract of 17 acres.    Enoch S. Lemasters, one of the defend-
ants and claimants herein, is not one of the heirs of Amos
Lemasters, deceased.    On February 26, 1908, Stella A. Le-
masters, with her husband, conveyed to her brother, Alvy U.
Lemasters, the 31 1-2 acres so allotted to her out of the said
245 acre tract, which deed after the description by metes
and bounds, contains the following: ''The parties of the first
part warrant generally the property hereby conveyed they
also except one-half of the royalty.''    On    February 26,
1914, Alvy U. Lemasters, with his wife, conveyed to Enoch
S. Lemasters in one deed the 17 acre tract by metes and
bounds, ''reserving, however, one-half of the usual one-eighth
royalty oil that may be produced from said land, and one-
half of the consideration that may be paid for the gas from
wells drilled thereon,'' and also conveyed the 31 1-2 acre
tract by metes and bounds, reciting that it is the same tract
conveyed to the grantor by Stella Lemasters and that both
of said tracts are parts of the real estate of which Amos
Lemasters died seized, and following the grant and descrip-
tion of the 31 1-2 acre tract is this exception and reserva-
tion:

''From this last described tract of land there has been
excepted, however, by Stella Lemasters one-half of the usual
one-eighth royalty oil that may be produced from said land,
and one-half of the consideration that may be paid for the
gas from wells that may be drilled on said land, and first
party reserves one-eighth of the royalty oil produced from

said second tract of land, and one-eighth of the money paid
for gas wells on second tract.''

The defendants, Stella Lemasters and Alvy U. Lemas-
ters, aver in their answer that Enoch S. Lemasters has no
interest in any portion of the land now producing gas and
that said 17 acre tract and said 31 1-2 acre tract purchased
by him are not producing either oil or gas and that all the
oil and gas interests which he has or may have is in said two
undeveloped tracts and they deny his right to any of the
royalties from any portion of the 245 acre tract outside the
boundaries of the two subdivisions mentioned.

Defendant, Enoch S. Lemasters, denies that the exception
or reservation in the deed from Stella A. Lemasters to Alvy
U. Lemasters of the ''one-half of the royalty'' is a reserva-
tion of any part of the consideration to be paid for gas wells
producing gas on the 245 acre tract, but if so, that her reser-
vation means no more than one-half of what she then owned,
to-wit, the one-half of the one-eighth of the considera-
tion paid for said gas wells; and that by the reservation of
Alvy U. Lemasters in his deed to said Enoch S. Lemasters
for the 31 1-2 acre tract Alvy U. Lemasters reserved the
one-eighth of the one-eighth, or one-sixty-fourth part of the
consideration for the said gas wells, and by his reservation
in the conveyance of the 17 acre tract he reserved but the
one-half of the one-eighth of the consideration for said gas
wells.   He claims that by his deed from Alvy U. Lemas-
ters, dated February 26, 1914, he has been entitled to re-
ceive since that date by reason of his ownership of the 17
acres the one-sixteenth part paid for gas from gas wells on
said 245 acres and that by reason of his ownership of the
31 1-2 acre tract he has been entitled at the least to three-
eighths of the one-eighth, or three-sixty-fourths of the con-
sideration paid for gas produced from said gas wells upon
said 245 acres, that is to say, that for each gas well produc-
ing gas on said 245 acres he has been entitled to receive at
least the sum of $32.81 each year since the date of his pur-
chase.   He also prays that a decree may be made directing
the plaintiff to pay to him his proportionate share which he
alleges to be seven sixty-fourths part of all the considera-

tion which has been paid or which may yet be due by reason of the said two gas wells and that the same be paid to him from and after February 26, 1914, and if any of said moneys have been paid by plaintiff to Alvy U. Lemasters or Stella A. Lemasters which of right should have been paid to him he asks that they be required to disclose the amount of all payments made since his purchase and that the plaintiff be required to disclose what time the annual payments for said wells are due, as well as the date of the first payment for each of said wells.

The court by its decree found that Enoch S. Lemasters has no interest in the rentals heretofore paid for the gas produced from the 245 acre tract which was not produced from either of the two subdivisions conveyed to him by Alvy U. Lemasters and that the $450 paid into court by plaintiff belongs to Stella A. Lemasters  and Alvy U. Lemasters in equal parts, and directed the clerk to so pay the same to them.

The court further decreed that Stella A. Lemasters and Alvy U. Lemasters in their several conveyances of said two subdivisions "reserved unto themselves the one-half of the one-eighth royalty oil and the one-half of the one-eighth of the gas rentals pertaining to the oil or gas which may be produced from the said two subdivisions," and that Alvy U. Lemasters "is entitled to the one-half of the one-eighth royalty oil and the one-half of the one-eighth of the rental paid for gas which may be hereafter produced from the said two subdivisions purchased by him," containing 31 1-2 acres and 17 acres, respectively.    And the court further decreed "that the said plaintiff, or its successors and assigns, do pay to Enoch S. Lemasters the one-half of the one-eighth of the royalty oil and the one-half of the one-eighth of the gas rentals which it may hereafter pay under the terms of its lease for any oil or gas which may hereafter be produced by it from the said two subdivisions, containing 31 1-2 acres and 17 acres respectively," and that the plaintiff "do pay to A. U. Lemasters the one-half of the one-eighth royalty oil and the one-half of the one-eighth of the gas rentals which may be paid by it for any gas hereafter produced from the

said subdivision, containing 17 acres," and that the plaintiff "do pay to Stella Lemasters the one-half of the one-eighth royalty oil and the one-half of the one-eighth of the rentals for the gas which may hereafter be produced from said subdivision containing 31 1-2 acres of land."

From that decree plaintiff obtained an appeal and supersedeas. In its petition it complains of error but does not specify any particular errors, and no brief has been filed in this court by its counsel. Counsel for Enoch S. Lemasters filed briefs, pointing out what they deem to be error in the decree, but he did not join in the petition of plaintiff nor file a petition for appeal in his own behalf. Counsel for Stella A. Lemasters and Alvy U. Lemasters insist that the appeal should be dismissed as improvidently awarded because plaintiff has no appealable interest in the final decree disposing of the fund and adjudicating the ownership of the royalties, and that the situation can not be saved by cross-assignment of error by Enoch S. Lemasters. We think counsel have not correctly interpreted the decree appealed from. While the lease under which plaintiff holds is not in the record, we can properly infer that it provides that the lessee shall deliver one-eighth of the oil which may be produced and saved from the premises to the credit of the lessors, in the pipe-line to which it may connect its wells. This is the oil royalty. It also provides a payment of $300 annually for the gas from each gas well that may be drilled on the premises. This is commonly known as "gas rental." One-eighth of all the oil which may be produced from the premises is all the oil that plaintiff can, under its lease, be required to deliver, yet, as we interpret the decree, it provides that the plaintiff shall "pay" to Enoch S. Lemasters "one-half of the one-eighth of the royalty oil" which may be produced from the 17 acre and 31 1-2 acre tracts, and "a one-half of the one-eighth royalty oil" which may be produced from the 17 acre tract to Alvy U. Lemasters and a "one-half of the one-eighth royalty oil" which may be produced from the 31 1-2 acres to Stella A. Lemasters, thus decreeing to these three all the oil royalty or one-eighth of all the oil that may be produced from these two tracts. But

plaintiff, under the pleadings, is shown to be under obligation to pay three-fourths of this oil royalty to the other six heirs of Amos Lemasters, deceased.  They are not made parties to this suit and of course could not be deprived of their shares in this royalty.  If the decree should be allowed to stand, as we interpret it, the plaintiff would be required to deliver to the three defendants named the full one-eighth of all the oil which it might produce from the two subdivisions and the remaining six heirs or their assigns might require delivery to them of the six-eighths or three-fourths of the one-eighth or royalty oil, amounting practically to a double payment or delivery.  When plaintiff filed its bill it admitted it was a mere stake-holder of the $450 of unpaid gas rentals, but it made no such admission as to any future rentals or royalties.  It made no offer to have their disposition submitted to the court.  That question arose on defendants' pleadings, and yet the decree disposing of that issue is a decree against plaintiff, directing it to whom and in what proportion it shall deliver future royalties and pay future accruing rentals.  Obviously, it has an interest in that, and especially so, in view of the fact that, as we see it, it is required under the decree to do more than its lease requires it to do.

As already stated, the other six heirs of Amos Lemasters are not made parties.  From the record, they appear to be interested in the royalties and rentals which may hereafter be produced or become due to the same extent as the defendants.  Certainly no disposition of their share of the oil royalty or gas rentals could be made without their presence as parties, under proper pleadings.  This seems to have escaped the notice of counsel for all the parties, as this point has not been raised, but it is the duty of the court to raise it and to see that all those who are interested in the subject matter are brought before the court before it enters any decree affecting their interests.  It may be contended that these six heirs are not interested in the $450 paid into court and that the decree insofar as it disposes of this fund should be reviewed by this court.  It may be true that they have no interest in this fund; they may have been paid their

share of the gas rentals.    But it must be remembered that this fund as it becomes due is a common or joint fund in which these six absent heirs are jointly interested.    They may have been paid their share of the accrued rentals or they may not; they have had no opportunity either to affirm or deny.    To determine to whom this fund belongs we think they should be brought before the court, as well as the three claimants who are now defendants.    Likewise if the question of the ownership of the oil royalties which may hereafter be produced and the gas rentals which may hereafter accrue is to be determined, then all parties interested must be brought in by proper process and pleadings.

It is fundamental that all persons who are materially interested in the subject matter involved in a suit and who are to be affected by the proceedings must be made parties. *Maynard* v. *Shein,* 83 W. Va. 508, 98 S. E. 618, and authorities there cited.    When their absence is noticed by the court it is its duty to require them to be made parties.    In the absence of these parties it would be improper to discuss their rights or the rights of the claimants before the court to the subject matter in controversy.

For the foregoing reasons the decree complained of will be reversed, and the cause remanded.

*Reversed and remanded.*