542 S.E.2d 894

**STATE of West Virginia ex rel. ONE–GATEWAY ASSOCIATES, LLC, Petitioner,**

v.

**Honorable Gary L. JOHNSON, Judge of the Circuit Court of Nicholas County, Retail Designs, Inc., A Corporation, and the West Virginia Division of Highways, Respondents.**

No. 28205.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 31, 2000.

Decided Dec. 8, 2000.

Stephen R. Crislip, Esq., Jackson & Kelly, Charleston, West Virginia, Attorney for Petitioner.

Daniel F. Ryan, Esq., Pro Hac Vice, Campbell, Hornbeck, Chilcoat & Veatch, Columbus, OH, James D. Kauffelt, Esq., Kauf-

felt & Kauffelt, Charleston, West Virginia, Attorneys for Retail Designs.

Anthony G. Halkias, Esq., Jeffrey J. Miller, Esq., Legal Division, West Virginia Department of Transportation, Charleston, West Virginia, Attorneys for WV Division of Highways.

PER CURIAM:

This case is before the Court upon a petition for writ of prohibition filed by One–Gateway Associates, LLC to prohibit the enforcement of the December 20, 1999 order entered by the Honorable Gary L. Johnson, Judge of the Circuit Court of Nicholas County, which granted injunctive relief to respondent Retail Designs, Inc. Specifically, the order required the West Virginia Department of Highways to permanently close to all traffic an access road which connects U.S. Route 19 to property developed by the petitioner. We issued a rule to show cause and now grant the writ of prohibition.

## I.

### FACTS

In 1997, the petitioner, One Gateway Associates ("One–Gateway"), a West Virginia Limited Liability Company, contracted with Wal–Mart Stores, Inc. ("Wal–Mart") to develop a site along U.S. Route 19 in Nicholas County for the construction of a Super Wal–Mart store. In January 1998, the petitioner entered into a contract with the West Virginia Department of Transportation, Division of Highways ("DOH") in which the petitioner agreed to construct, at its own expense, a frontage road along the eastern edge of the Wal–Mart development area, paralleling U.S. Route 19; to make certain modifications to U.S. Route 19; and to construct an approach from U.S. Route 19 to the frontage road.

Upon completion of the construction, the petitioner agreed to convey the frontage road, including the approach to U.S. Route 19, to the DOH. Further, if the petitioner failed to obtain the land required for construction of the frontage road on or before June 1, 1998, DOH agreed to initiate an eminent domain proceeding in the Circuit Court of Nicholas County for the purpose of acquiring the land and to use "its best efforts" to obtain a right of entry so that construction of the frontage road could proceed in accord with the construction schedule. The Super Wal–Mart store was subsequently constructed and opened for business.[1]

In August 1998, DOH filed a petition in the Circuit Court of Nicholas County seeking to condemn a tract of land owned by respondent Retail Designs, Inc. for the purpose of constructing an ingress from U.S. Route 19 to the southern end of the frontage road bordering the Wal–Mart property. Retail Designs, Inc. ("Retail Designs") is a Georgia corporation which owns The Merchants Walk Shopping Center located at the southern end of the Wal–Mart property. Retail Designs' parking lot is located at the southern end of the frontage road and prevents the frontage road from connecting with U.S. Route 19 at that location. By order of March 8, 1999, the Circuit Court of Nicholas County denied DOH's petition for condemnation because it found that the proposed taking was for a private and not a public purpose.[2]

Subsequent to the denial of the petition for condemnation, the Commissioner of DOH opened to the public what had been a temporary construction road on the southern end of the frontage road. The construction road abuts Retail Designs' property which DOH sought to condemn.[3] Specifically, this construction road, located on DOH property,

---

1. Currently, the sole access from U.S. Route 19 to the Wal–Mart property is located at the northern end of the frontage road.

2. The circuit court found in part:
   The evidence in this case established that this condemnation was undertaken with the improper intent to benefit One–Gateway and Wal–Mart, and that is not a public purpose either under the statute or under the Constitution of the State of West Virginia.
   Since the proposed taking of Retail Designs' property is not for a public use, is not neces-

sary and required for present or presently foreseeable future state road purposes, and is not necessary and required for present or reasonably anticipated future traffic conditions, the DOH does not have the right to condemn the land of Retail Designs described in the Petition.

3. The parties agree that the ingress is located entirely on DOH property and does not involve a physical taking of Retail Designs' property.

bypasses Retail Designs' property and connects U.S. Route 19 to the frontage road. Thus, the road provides a southern ingress from U.S. Route 19 to the Wal–Mart property.

Shortly thereafter, Retail Designs filed a complaint for injunctive relief against DOH in which it sought an order requiring DOH to close and abandon the road it had opened at the southern end of the frontage road. Retail Designs alleged that DOH had effectively condemned its property and converted it into an access road for the private benefit of the Wal–Mart property. In addition, Retail Designs averred that it had suffered irreparable damage in the deprivation of the quiet use, control and enjoyment of its property and its subjection to additional incalculable wear, tear and maintenance of its property.

By order of December 20, 1999, the Circuit Court of Nicholas County granted Retail Designs' petition for injunctive relief and ordered DOH to permanently close the southern ingress to all traffic on or before July 1, 2000. The circuit court found:

> The efforts of DOH to prevent a burden on RDI's property have been ineffectual in that the following burdens still exist on the property of RDI: (a) there is traffic traveling, using RDI property as a frontage road, from West Webster Road to the One–Gateway Center; (b) there is traffic congested at the entrance to RDI's entrance on its lot; (c) there is an increased burden of traffic on the RDI property due to the southern access to One–Gateway's property; and (d) the congested traffic and the traffic pattern may cause a decrease in traffic trying to get into RDI's property by virtue of the configuration of the temporary, now permanent, construction road.
>
> \*   \*   \*   \*   \*   \*
>
> Based upon the evidence presented, the opening of the temporary construction road as a permanent southern entrance was a configuration to try to skirt this Court's previous denial of the right of the DOH to condemn the property[.]

DOH appealed the circuit court's order, and this Court refused the petition for appeal.[4] One–Gateway now challenges this same order via a petition for a writ of prohibition.

## II.

### STANDARD OF REVIEW

■ This Court has said that "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for [a petition for appeal] or certiorari." Syllabus Point 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953).

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). With these precepts to guide us, we now consider the issues raised by the petitioner.

---

**4.** DOH filed a response to One–Gateway's petition for a writ of prohibition in which it agrees that the circuit court erred in granting injunctive relief where no property of Retail Designs was taken or entirely destroyed in value. However, DOH disagrees that the circuit court's injunction order exposes it to liability for breach of its contract with One–Gateway.

## III.

### DISCUSSION

The petitioner asserts that the circuit court erred by failing to join it as an indispensable party in Retail Designs' action for injunctive relief pursuant to Rule 19(a) of the West Virginia Rules of Civil Procedure. The petitioner reasons that the adjudication of Retail Designs' action impaired the petitioner's ability to protect its claimed interest in the ingress to the southern portion of the developed property, and that this interest has now been adversely affected as a result. We agree.

According to Rule 19(a) in pertinent part:

A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

In the Syllabus of *Wachter v. Dostert,* 172 W.Va. 93, 303 S.E.2d 731 (1983), we stated in part:

Rule 19(a) of the West Virginia Rules of Civil Procedure requires two general inquiries for joinder of a person who is subject to service of process. First, is his presence necessary to give complete relief to those already parties? Second, does he have a claim that, if he is not joined, will be impaired or will his nonjoinder result in subjecting the existing parties to a substantial risk of multiple or inconsistent ob-

ligations? If the absent person meets the foregoing test, his joinder is required.

Concerning the second inquiry, this Court has opined:

Under Rule 19(a) of the West Virginia Rules of Civil Procedure a party becomes an indispensable party if he has an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest.

Syllabus Point 1, *Pauley v. Gainer,* 177 W.Va. 464, 353 S.E.2d 318 (1986). In addition, we have recognized that "[t]here is no precise or universal test to determine when a person's interest is such as to make him an 'indispensable' party." *Dixon v. American Industrial Leasing Co.,* 157 W.Va. 735, 740, 205 S.E.2d 4, 7 (1974) (citations omitted).

We believe that the petitioner claims an interest relating to the subject of Retail Designs' injunction action and is so situated that the disposition of the action, as a practical matter, impairs the petitioner's ability to protect that interest.[5] This Court has recognized that,

Generally, all persons who are materially interested in the subject-matter involved in a suit, and who will be affected by the result of the proceedings, should be made parties thereto, and when the attention of the court is called to the absence of any of such interested persons, it should see that they are made parties before entering a decree affecting their interests.

Syllabus, *Manufacturers' Light & Heat Co. v. Lemasters,* 91 W.Va. 1, 112 S.E. 201 (1922).[6] The southern ingress at issue provided a second means by which motorists could access the petitioner's commercial property. Because the southern ingress was closed, there is now only one other means by

---

5. We have said that "[t]he determination of whether a party is indispensable under the provisions of Rule 19(a) of the West Virginia Rules of Civil Procedure is in the sound discretion of the trial court." Syllabus Point 1, in part, *Dixon, supra.* However, in the instant case, the circuit court did not exercise its discretion to preclude the joining of the petitioner as an indispensable party but rather did not directly rule on the issue. Therefore, our inquiry here is not whether the

circuit court abused its discretion in failing to join the petitioner as an indispensable party but whether the petitioner, as a matter of law, was an indispensable party to the injunction action.

6. Even though our rule in *Manufacturers' Light & Heat Co.* was fashioned prior to this Court's adoption and promulgation of the Rules of Civil Procedure, it is not inconsistent with our interpretation of Rule 19(a)(2)(i).

which traffic can enter and exit the petitioner's property. Access to one's property is a fundamental interest in that property. Accordingly, we believe that the petitioner was materially interested in Retail Designs' injunction action and was affected by the result of that injunction. We conclude, therefore, that the petitioner had a clear legal right to be joined as an indispensable party in Retail Designs' injunction action.

## IV.

## CONCLUSION

Because we find that the Circuit Court of Nicholas County erred as a matter of law in its December 20, 1999 order granting injunctive relief to Retail Designs absent the presence of the petitioner as a party to that action, we grant the writ of prohibition sought by the petitioner.

Writ granted.[7]

7. Because of the decision we reach regarding this particular issue, we need not address the additional issues raised by the parties.