# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Sgt. Christopher Thompson,**
**Petitioner Below, Petitioner**

**FILED**
**December 7, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0483** (Kanawha County 18-P-279)

**City of Charleston,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sgt. Christopher Thompson, by counsel Mark McMillian, appeals the April 22, 2019, order of the Circuit Court of Kanawha County that dismissed his petition for a writ of prohibition and writ of mandamus in which he sought to be reinstated to his former position as a member of the Charleston Police Department. Respondent City of Charleston ("the City"), by counsel Timothy L. Mayo, Jeffrey A. Foster, and Jason A. Proctor, filed a response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was a civil service member of the Charleston Police Department ("CPD") from November 1994 until August 20, 2012. On August 20, 2012, he was removed from his position and suspended pending an internal investigation into allegations of dereliction of his duties as a patrol division supervisor, the details of which have not been made a part of the appendix record and are not relevant to this appeal.

Over a three-day period in February of 2014, a pre-termination hearing was conducted by the Charleston Police Department Conduct Review Hearing Board ("Hearing Board"). *See* W. Va. Code § 8-14-3.  On March 3, 2014, the Hearing Board sustained the CPD's recommended action of termination, and petitioner was formally terminated from employment on that date.[1]

According to a sworn affidavit executed by John Teare, Jr., counsel for the Charleston

---

[1] The Hearing Board's decision was not made part of the appendix record.

1

Police Civil Service Commission ("Commission"), petitioner contacted him on March 13, 2014, regarding his desire to appeal his termination to the Commission. *See* W. Va. Code § 8-14A-5(a). The Commission is comprised of three members: one member appointed by the mayor, one appointed by the local chamber of commerce, and one appointed by the local fraternal order of police. *See* W. Va. Code § 8-14-7(b)(1)-(3).[2] Petitioner delivered a notice of appeal to Mr. Teare the next day.

On March 26, 2014, Mr. Teare had a telephone conference with petitioner's former counsel, Andy Katz, regarding the appeal. Mr. Katz, on behalf of petitioner, waived the requirement entitling petitioner to an appeal hearing within ten days of the date of his termination. *See* W. Va. Code § 8-14-20. Mr. Katz proposed several appeal hearing dates in May 2014. Although petitioner and the Commission agreed upon a hearing date in June of 2014, the hearing was continued at the City's request. By agreement of the parties, the hearing was rescheduled for July 8, 2014. The rescheduled hearing was subsequently postponed because petitioner had filed a civil action regarding events that overlapped with the issue raised in petitioner's appeal of his termination. According to Mr. Teare's affidavit, it was determined that the City should be afforded the opportunity to review the civil action filed by petitioner "to determine what, if any[,] impact it would have on the appeal."

The evidentiary hearing was set for September 24 and 25, 2015. However, according to Mr. Teare's affidavit, it was rescheduled "in large part, [due] to [petitioner's] counsel's inability to make [petitioner's] expert available for a deposition pre-hearing[,]" a fact that petitioner does not challenge. Mr. Teare's affidavit further stated that, thereafter, "[t]he appeal proceed[ed] through multiple status conferences, discovery disputes and missed deadlines for the next several years[,]" and included a detailed timeline of petitioner's appeal recounting the same. Petitioner does not dispute the substance of the timeline.[3]

---

[2] According to Mr. Teare's affidavit, he served for many years as counsel for the Commission and kept the Commission's official records, "instead of the City Clerk, at the request of the Clerk's Office. . . . [because] [the Clerk] had no room to [store] Civil Service files . . . . I maintained the files as requested." With regard to petitioner's case, Mr. Teare stated that "[t]he communications, scheduling orders and other interlocutory orders have been maintained in my offices per longstanding practice"[;] that he was asked by the Commission "to conduct prehearing conferences, motion hearings and scheduling matters[,] which he did, and "pre-hearing issue orders were made by the undersigned after consultation, discussion and agreement of the voting Commissioners before orders were issued and served by the undersigned." Mr. Teare further stated that, "[a]t no time did [he] act without the full authority and knowledge of the Commissioners[,]" and that the record of the case "will confirm that some pre-hearing orders were signed by the undersigned, some by all Commissioners and some by a single Commissioner."

[3] Likewise, in its motion to dismiss petitioner's petition for extraordinary relief, the City recounted in detail, the matter's protracted procedural history, which petitioner does not dispute. Further, in a sworn affidavit, petitioner's former counsel, Mr. Katz, generally stated that, after the July 8, 2014, hearing was rescheduled, "[w]hat followed consisted of various communication between [opposing counsel], Mr. Teare and me, involving further scheduling, procedural and evidentiary issues . . . ."

The hearing was eventually rescheduled for January 9, 2017. However, according to Mr. Teare's affidavit, prior thereto, on December 28, 2016, petitioner moved to replace one of the three members of the Commission because he wished to call that member as a witness. On January 2, 2017, petitioner moved to continue the hearing. On January 5, 2017, the Commission was notified that petitioner had retained new counsel who was not available for the January 9, 2017, hearing. Petitioner's present counsel began representing petitioner at or around this time.

On May 1, 2017, the Commission seat appointed by the mayor became vacant. At a pre-hearing conference conducted on May 30, 2017, counsel for both petitioner and the City indicated that they did not wish to proceed with petitioner's appeal until the Commission was fully comprised of its three members.

On August 9, 2018, petitioner filed, in the Circuit Court of Kanawha County, a petition for a writ of prohibition and for a writ of mandamus seeking an order prohibiting the City from taking further action with regard to its termination of petitioner from employment and compelling the City to restore him to his former position, with all lost wages and benefits, along with reasonable attorney's fees and costs. As grounds for the extraordinary relief, petitioner argued that that he was not afforded a timely appeal of his termination from employment,[4] that the Commission has not been fully or properly constituted with three members,[5] and that the Commission has not made a record of the present case as required by statute.[6]

On September 24, 2018, the City filed a motion to dismiss the petition for a writ of prohibition and writ of mandamus pursuant to Rules 12(b)(6) of the West Virginia Rules of Civil Procedure, 12(b)(7), and 19, and, alternatively, an answer to the petition.

Petitioner filed a response in opposition to the City's motion to dismiss. In conjunction therewith, petitioner filed sworn affidavits executed by former Commissioners Lew Tyree and James F. Pauley. Mr. Tyree indicated that "[a]t no time during the time I served was [Mr. Teare]

---

[4] Notably, petitioner did not argue that his pre-termination hearing before the Hearing Board was inadequate or that the Hearing Board's findings were based upon insufficient evidence, and, indeed, a copy of the Hearing Board's decision was not made a part of the appendix record in this appeal.

[5] Petitioner offers little detail about or support of this argument before this Court. He does not specifically assign error to the Court's treatment of this issue.

[6] Petitioner alleged that the Commission has violated West Virginia Code 8-14-8, which requires that the City recorder "shall be the ex officio clerk of the [Commission]" and West Virginia Code 8-14-10(2), which requires the Commission to "[k]eep minutes of its own proceedings, and records of its examinations and other official actions[,]" to keep and preserve all applicants' recommendations for ten years, and to keep certain records open to the public. Petitioner contends that minutes or hearing transcripts of the Commission were neither made nor filed in this action and, further, the procedural orders petitioner's counsel has received in this case "have [not] been lodged with the Clerk for [the] City."

authorized to act independent of the Commission or on its behalf[,]" and that, with regard to petitioner's appeal, in September of 2015, Mr. Tyree signed, on behalf of the Commission, an order that was prepared and presented by Mr. Teare and that Mr. Tyree believed

> "had been approved by the other two Commissioners. I learned later that it had not been discussed or approved by the other[] [Commissioners]. I also have examined other orders which Mr. Teare alone signed on behalf of the Commission in that case. The matters addressed in those orders were never approved by the Commissioners and had not been provided to me during the time I served."

Similarly, Mr. Pauley's affidavit indicated that the matters addressed in orders that were signed by Mr. Teare on behalf of the Commission with regard to petitioner's appeal "were never approved by the Commissioners and had not been provided to me during the time I served."

Meanwhile, on February 4, 2019, following the City's mayoral election in November of 2018, a new Commission member was appointed by the mayor, which resulted in all three seats of the Commission being filled. On March 9, 2019, the Commission entered a scheduling notice advising that the Commission was ready to convene a hearing on petitioner's appeal as soon as a hearing date could be mutually agreed upon. The notice also directed counsel for petitioner and the City to meet and confer to suggest potential hearing dates to the Commission.

A hearing on the City's motion to dismiss was conducted before the circuit court on March 13, 2019. By order entered on April 22, 2019, the court granted the City's motion and denied petitioner's request for extraordinary relief. The circuit court found the petition to be moot because the Commission is duly constituted and ready and able to conduct a hearing of petitioner's termination appeal as soon as a hearing may be scheduled by the parties and that, in fact, the Commission has taken steps to proceed with the appeal hearing. The circuit court further found that petitioner failed to demonstrate that he has been prejudiced by the delay such that the delay has adversely affected his ability to present a defense, that petitioner's challenge to one of the Commission members was procedurally improper in that petitioner failed to follow the procedure set forth in West Virginia Code § 8-14-7(k), and that the Commission is an indispensable party to the proceedings, pursuant to West Virginia Rule of Civil Procedure 19, and must be joined. This appeal followed.

We first address petitioner's assignment of error that the circuit court erred in finding that his petition for a writ of mandamus is moot. Our review of the circuit court's ruling is de novo. *See* Syl. Pt. 1, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W. Va. 25, 658 S.E.2d 555 (2008) (stating that "[a] *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus").

> A writ of mandamus will not issue unless three elements coexist—(1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of respondent to do the thing which petitioner seeks to compel; and (3) the absence of another adequate remedy. Syl. pt. 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969).

4

Syl. Pt. 1, *Hickman v. Epstein*, 192 W. Va. 42, 450 S.E.2d 406 (1994).

Petitioner is clearly entitled to an appeal hearing before the Commission and he could have rightly sought mandamus relief to compel the Commission to hold such a hearing. However, petitioner seeks a far more drastic remedy – that is, an order prohibiting the City from taking further action on petitioner's termination from employment and compelling it to restore him to his former position, with all lost wages and benefits. This Court has instructed that "[t]he mere delay in the disposition or decision of a case does not vitiate the order or judgment. If a decision is unduly delayed, a proceeding in mandamus may be instituted to compel a decision *but not how to decide*." Syl. Pt. 2, *Kanawha Valley Transp. Co. v. Pub. Serv. Comm'n*, 159 W. Va. 88, 219 S.E.2d 332 (1975). (Emphasis added). It is undisputed that, on February 4, 2019, the Commission became fully constituted with all three members and, on March 9, 2019, it officially advised petitioner that it was ready to convene a hearing on his appeal as soon as the parties could agree upon a hearing date. The parties were directed to meet and confer to suggest possible hearing dates to the Commission. Because the Commission is ready, willing, and able to hear petitioner's appeal, his request for a writ of mandamus is now moot.

Next, we address petitioner's assignment of error that the circuit court dismissed the petition for a writ of prohibition based upon the incorrect determination that the Commission is an indispensable party under Rule 19 of the West Virginia Rules of Civil Procedure.[7] Petitioner contends that the delay in his appeal hearing, the result of which has been to his "irreparable detriment," was caused by the fact that the Commission was not fully or properly constituted. He argues that because the City has the authority, pursuant to West Virginia Code § 8-14-7(b), to fill vacancies in the Commission, the Commission is not an indispensable party. According to petitioner, "complete relief can be achieved" by the City in the absence of the Commission. We disagree.

The determination of whether a party is indispensable under the provisions of Rule 19(a) of the West Virginia Rules of Civil Procedure is in the sound

---

[7] West Virginia Rule of Civil Procedure 19(a) provides:

 **(a) Persons to Be Joined If Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

discretion of the trial court. Generally, a court must consider whether: (1) The interest of the absent party is distinct and severable; (2) in the absence of such party, the court can render justice between the parties before it; (3) the decree made will, in the absence of such party, have no injurious effect on the interest of such absent party; (4) the final determination will, in the absence of such party, be consistent with equity and good conscience, but each case must be considered on the basis of its peculiar facts, and the principal limitation on the court's discretion is whether, under the particular facts of each case, absent parties will be adversely affected by non-joinder.

Syl. Pt. 1, *Dixon v. Am. Indus. Leasing Co.*, 157 W. Va. 735, 205 S.E.2d 4 (1974).

Throughout the proceedings below and in his brief on appeal, petitioner claims that extraordinary relief is warranted based, in part, on allegations that Mr. Teare acted without the authority or the approval of the Commission with respect to petitioner's appeal, including the entry of orders rescheduling the appeal hearing, the maintenance of Commission files and records at his office, and the resulting absence of filings related to petitioner's appeal with the City Clerk. Petitioner further contends that, during the limited time the Commission had three appointed members, all were of the same political party or were ineligible for appointment.

"Under Rule 19(a) of the West Virginia Rules of Civil Procedure a party becomes an indispensable party if he has an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest." Syllabus Point 1, *Pauley v. Gainer,* 177 W.Va. 464, 353 S.E.2d 318 (1986).

"Generally, all persons who are materially interested in the subject-matter involved in a suit, and who will be affected by the result of the proceedings, should be made parties thereto, and when the attention of the court is called to the absence of any of such interested persons, it should see that they are made parties before entering a decree affecting their interests." Syllabus, *Manufacturers' Light & Heat Co. v. Lemasters,* 91 W.Va. 1, 112 S.E. 201 (1922).

Syl. Pt. 2 and 3, *State ex rel. One-Gateway v. Johnson*, 208 W. Va. 731, 542 S.E.2d 894 (2000). We have recognized that "'[t]here is no precise or universal test to determine when a person's interest is such as to make him an "indispensable" party.' *Dixon v. American Industrial Leasing Co.,* 157 W.Va. 735, 740, 205 S.E.2d 4, 7 (1974) (citations omitted)." *One-Gateway*, 208 W. Va. at 735, 542 S.E.2d at 898. Thus, based upon petitioner's allegations, which clearly concern the Commission's duties, practices, and procedures, both statutory and otherwise, we find that the circuit court did not abuse its discretion in determining that the Commission is an indispensable party to this action and that petitioner's failure to join it as a party warranted dismissal.[8]

---

[8] Given our conclusion that dismissal of this action was proper under Rule 19, we need not consider petitioner's assignment of error that the circuit court erred in failing to find that the delay

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

in the holding of an appeal hearing before the Commission, and the prejudice attendant thereto, entitled him to the requested relief.