# CHARLESTON.

BONAFEDE v. GRAFTON FEED & STORAGE CO. *et al.*

Submitted November 6, 1917. Decided November 13, 1917.

1. QUIETING TITLE—*Suits—Parties.*

   In a suit to cancel a cloud upon the title to real estate, all parties who have or claim any interest, right, or title under the instrument, or instruments, of writing sought to be cancelled, should be made parties defendant. (p. 314).

2. SAME—*Suit—Right to Maintain.*

   Equity will entertain a suit to remove a cloud from the title to land by the owner thereof in actual possession against an adverse claimant not in actual possession, who sets up an adverse title. (p. 315).

Appeal from Circuit Court, Taylor County.

Suit by D. Bonafede against the Grafton Feed & Storage Company and others. From decree sustaining demurrers to bill, complainant appeals.

*Reversed, and remanded.*

*Harry Friedman* and *G. W. Ford,* for appellant.

*W. R. D. Dent,* for appellees.

RITZ, JUDGE:

The plaintiff in his bill alleges that he is the owner of a lot situate on Latrobe street in the City of Grafton, known as the Finnegan lot, which was conveyed to him by Mary H. Finnegan and others by deed dated the 17th day of July, 1915. He avers, and it appears from a copy of the deed exhibited with his bill, that one of the boundaries of his lot is a wholesale house occupied by the defendant Grafton Feed & Storage Co. The allegation of the bill is that he is in possession of the whole of this lot, and that his predecessor in title had been in the actual possession thereof for more that forty years prior to the conveyance to him. He avers that ever since the construction of the wholesale house of the defendant Grafton Feed & Storage Co. it was treated as the line between his lot and the lot of said company, and that it

81 W. Va.

is in fact the true line. The bill further shows that in 1910 Isaac W. Miller, John W. Hamilton and Jennie W. Cole, being the owners of the property now owned by the Grafton Feed & Storage Co., conveyed the same to M. A. Jolliffe and Harry Shain; that in this deed the area of the Grafton Feed & Storage Co. lot was without any reason or justification expanded by the description contained in the deed so as to include a strip of five and one-half feet off the side of plaintiff's lot, and that in the conveyances under which the defendant Grafton Feed & Storage Co. holds title the same description was used, and embraces the strip of five and one-half feet off the side of plaintiff's lot next to the Grafton Feed & Storage Co.'s lot. It is further alleged that the defendant Grafton Feed & Storage Co. has recently set up claim to this five and one-half feet, notwithstanding it is in the actual possession of the plaintiff, and had been in the actual possession of his predecessors in title for more than forty years. The bill in this case was then filed for the purpose of cancelling the deeds conveying the Grafton Feed & Storage Co. lot, the descriptions in which are expanded to include part of plaintiff's lot, upon the ground that the same constitute a cloud upon the plaintiff's title to said five and one-half foot strip. The defendants to this bill are the Grafton Feed & Storage Co., present owner of the wholesale building; Harry Shain and Marcellus A. Jolliffe, grantors of said Grafton Feed & Storage Co.; and Isaac W. Miller and Etta A. Miller, Jennie W. Cole and John A. Cole, grantors in the deed to Jolliffe and Shain; and Caroline M. Hamilton, sole devisee of John W. Hamilton, the other grantor in said deed to Jolliffe and Shain. A demurrer was interposed to the bill by Caroline M. Hamilton, upon the ground that she was not a proper party thereto, and by the defendant Grafton Feed & Storage Co., upon the ground that the bill presented nothing but a contest over the true location of the boundary line, and that equity has no jurisdiction to determine this matter. The court below sustained the demurrer of Mrs. Hamilton to the bill, holding that she was not a proper party, and this is assigned as error. It appears from the copy of the deed from Isaac W. Miller

et al. to Joliffe and Shain, exhibited with the bill, that a vendor's lien was reserved to secure the deferred payments of purchase money.   Whether or not this lien has ever been discharged does not appear.   The deeds sought to be set aside as constituting a cloud upon the title are the deed to the defendant Grafton Feed & Storage Co., and the deed from Isaac W. Miller and others to M. A. Jolliffe and Harry Shain, and it is contended that in view of the fact that the grantors in the latter deed warranted the title generally, and have a vendor's lien to secure the deferred payment of purchase money, they are proper parties in any suit brought for the purpose of setting aside that deed, either in whole or in part, and this seems to be the law.   *Hitchcox* v. *Hitchcox,* 39 W. Va. 607-617; Hogg's Equity Procedure, §48.

The action of the court in sustaining the demurrer of Grafton Feed & Storage Co. is also assigned as error.   It is well settled that the owner of real estate in possession of the same may maintain a suit in equity having for its object the setting aside of a deed which constitutes a cloud upon his title.   *Moore* v. *McNutt,* 41 W. Va. 695; *Sansom* v. *Blankenship,* 53 W. Va. 411; *Logan* v. *Ward,* 58 W. Va. 366; *Whitehouse* v. *Jones,* 60 W. Va. 680; *Iguano Land & Mining Co.* v. *Jones,* 65 W. Va. 59; *Tennant* v. *Fretts,* 67 W. Va. 569; *Castle Brook Carbon Black Co.* v. *Ferrell,* 76 W. Va. 300; *Bradley* v. *Swope,* 77 W. Va. 113, 87 S. E. 86.   In this case the plaintiff by the allegations of his bill, which must be taken as true upon demurrer, presents matters clearly within the rule established by the authorities above cited.   He avers that he has good title and is the owner of the property upon which he claims the cloud exists, and he avers that he is in possession thereof.   He also shows that defendants have by the deeds referred to arbitrarily expanded the area of their lot so as to include part of his lot.   If these allegations are true, he is clearly entitled in a court of equity to have the deeds of which he complains set aside so far as they include any part of his lot.

The decrees of the circuit court will be reversed, the demurrers to the bill overruled, and the cause remanded for further proper proceedings.

*Reversed and remanded.*