KENNETH J. HOCK, *et al.*

*v.*

THE CITY OF MORGANTOWN, *etc.*, *et al.*

(No. 14245)

Decided April 3, 1979.

*Baker & Armistead, Charles S. Armistead, Bailey, Byrum & Vieweg, George G. Bailey, John Preston Bailey* for appellants.

*Wilson & Frame, Clark B. Frame, S. J. Angotti* for appellees.

NEELY, JUSTICE:

This appeal arises from a declaratory judgment action instituted in the Circuit Court of Monongalia County to test the validity of an amendment to the Morgantown zoning ordinance. Appellants, Morgantown landowners, contend that the amendment, which permits businesses and multiple unit dwellings to be built in an area previously zoned for single family residences only, is ineffective because it did not receive the approval of four-fifths of the City Council as required by the general zoning

854

ordinance. The lower court found the four-fifths approval requirement invalid and we affirm.

On 22 April 1975 an amendment to the Morgantown zoning ordinance was proposed to rezone a large part of a 6.6 acre tract belonging to one of the appellees, James Prete, from R-1, single family residences, to R-2, single and two family residences, and to rezone another part of the tract from R-1 to B-1, business use. The proposed amendment was properly referred to the Morgantown Planning Commission which found it "unacceptable in its present form" and protests to the proposed amendment were filed by more than twenty percent of the adjoining landowners fronting to the rear and fronting opposite the area to be rezoned; nevertheless, on 29 July 1975 the amendment was approved by a majority of the Morgantown City Council. Following the vote, the Mayor announced that the amendment had not been adopted since it had failed to receive the approval of four-fifths of the council as required by the general zoning ordinance; however, on 5 August 1975 the Council ordered the appellee City Clerk to sign the ordinance, which she did. Shortly thereafter appellee James Prete was issued a building permit pursuant to the amendment and the appellants filed an action for an injunction to have the permit rescinded and a declaratory judgment that the amendment was not effective. The lower court denied relief and this appeal followed.

The only issue in the case before us is whether section 24 of the Zoning Ordinance of the City of Morgantown which provides:

In case [a] proposed amendment ... be disapproved by the [Morgantown Planning] Commission, or a protest be duly signed and acknowledged by the owners of twenty per cent (20%) or more of the frontage proposed to be altered, or by the owners of twenty per cent (20%) of the frontage immediately in the rear thereof, or by the owners of twenty per cent (20%) of the frontage directly opposite the frontage proposed to be altered, such amendment ... shall not be

passed except by an affirmative vote of at least four-fifths (4/5) of the members of the Common Council,

is valid since it is undisputed that: (1) the Morgantown Planning Commission disapproved the amendment; (2) qualifying protests were filed; and, (3) the amendment failed to receive approval by four-fifths of the City Council. Appellees, the City of Morgantown, its clerk, its manager and landowner James Prete, contend that the four-fifths requirement is invalid since it is in conflict with the Morgantown City Charter. Both at the time the general zoning ordinance for Morgantown was adopted on 3 November 1959 and at the time the amendment in question was approved by a majority of the City Council on 29 July 1975, Morgantown was operating under a legislative charter which provided in Article II Section 5(1) that:

A majority of all members elected shall constitute a quorum to do business, and the affirmative votes of a majority of all members elected shall be required for the adoption of any ordinance or resolution.

Appellees contend that the above quoted section provided that only a simple majority vote is required to adopt or amend any ordinance while appellants contend that the charter merely established a minimum majority requirement and the City Council was free to adopt a more stringent requirement. We find appellees' contention more persuasive. In *Vector Co. v. Board of Zoning Appeals of the City of Martinsburg*, 155 W. Va. 362, 184 S.E.2d 301 (1971), we decided an almost identical question. In that case a zoning ordinance of Martinsburg required four of the five members of the Board of Zoning Appeals to reverse an order of the building inspector; however, *W.Va. Code*, 8-24-52 [1969] provided that "[n]o action of a board [of zoning appeals] shall be official ... unless authorized by a majority of all the members of the board." We held that the zoning ordinance was inconsistent with the statute and, therefore, invalid. We see no basis upon which to distinguish our holding in

*Vector.* While in that case we held the ordinance to be invalid because it was in conflict with a statute which was clearly the superior law, it is equally true that a city's charter is a law superior to its ordinances and, where the two conflict, the charter must prevail. We find that the charter under which Morgantown was operating at the time the contested amendment was approved clearly provided that a majority vote of the City Council was all that was necessary for either enactment or amendment of ordinances; therefore, the Council was not free to enact by ordinance a higher voting requirement.[1]

The Court would be less than candid with the readers of this opinion if we were not to admit that a reading of the plain words of the City Charter does not specifically *proscribe* a city ordinance requiring more than a majority to amend a zoning ordinance; however, we have recently interpreted similar words in *W.Va. Code,* 18-24-52 [1969] in the *Vector* case, *supra,* in such a way as to give that type of language a specific meaning. Consequently, it is upon this interpretation that the citizenry has justifiably come to rely as a substantial majority of well trained lawyers would have *predicted* that we would interpret the City Charter provision in the same manner that we interpreted the statute in the *Vector* case. Predictability is at the heart of the doctrine of *stare decisis,* and regardless of what we think of the merits of this case, we must be true to a reasonable interpretation of prior law in the area of property where certainty above all else is the preeminent compelling public policy to be served.

---

[1] Appellees also contend that the four-fifths voting requirement conflicts with *W.Va. Code,* 8-9-1 [1969] which provides:

A majority of the members of the governing body [of a municipality] shall be necessary to constitute a quorum for the transaction of business.

Since we have found that the four-fifths requirement must fail due to conflict with the city charter it is unnecessary for us to address this contention; however, we do note that any measure calculated to allow one legislative body to control the actions of its successor members will be scrutinized carefully.

For the reasons stated above, the judgment of the Circuit Court of Monongalia County is affirmed.[2]

*Affirmed.*

---

[2] Appellants also contend that the amendment under examination is invalid because it is contrary to the welfare of the community and unconstitutionally vague. We find neither of these contentions sufficiently meritorious to warrant further discussion.