No. 17-0934 – *SER Southland Properties, LLC v. Hon. David R. Janes, Judge, et al.*

**FILED**
**March 9, 2018**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum dissenting:

Southland should have been permitted to intervene in the lawsuit because it owned the two parcels of real estate at issue. This Court has consistently held that a property owner whose property rights or interests may be affected by a lawsuit should be permitted to intervene. Because Southland has asserted a number of ways the lawsuit could affect its interest in the two parcels of real estate, I disagree with the majority opinion's ruling.

Kenneth Jones purchased two parcels of real estate at a delinquent tax sale. The real estate was owned by Southland. After Southland's bankruptcy petition was dismissed,[1] Purchaser Jones attempted to compel delivery of the tax deeds through a lawsuit in circuit court against the Deputy Commissioner of Delinquent and Non-entered Lands ("Deputy Commissioner"). Southland was not named as a party in this lawsuit. Therefore, Southland filed a motion to intervene, which the circuit court denied. After the circuit court's denial of its motion to intervene, Southland filed the present writ.

I would grant Southland's writ under the third *Hoover* factor because the circuit court's order was "clearly erroneous as a matter of law." See Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). Southland owned the real estate at issue and retained the right to pay the delinquent taxes and redeem it

---

[1] For a complete recitation of the procedural history, see the majority opinion.

1

when it filed its motion to intervene. While the property was the subject of a delinquent tax sale, this Court has recognized that, "[t]itle to delinquent property that has been certified to the Auditor **remains with the owner until the tax lien is purchased** from the Auditor's deputy commissioner of delinquent and nonentered lands and the tax lien purchaser has completed all the steps necessary to secure a deed to the property." *Ancient Energy, Ltd. v. Ferguson*, 239 W.Va. 723, ___, 806 S.E.2d 154, 159 (2017) (emphasis added). Thus, Southland owned the property when it attempted to intervene in the lawsuit.

Our law is clear that a property owner may intervene in a lawsuit concerning his/her property. In Syllabus Point 2 of *O'Daniels v. City of Charleston*, 200 W.Va. 711, 490 S.E.2d 800 (1997), this Court held: "**When a court proceeding directly affects or determines the scope of rights or interests in real property**, **any persons who claim an interest in the real property at issue are indispensable parties to the proceeding**. Any order or decree issued in the absence of those parties is null and void." (Emphasis added). *See also Bonafede v. Grafton Feed & Storage Co*., 81 W.Va. 313, 94 S.E. 471 (1917), and *United Fuel Gas Co. v. Morley Oil & Gas Co.,* 101 W.Va. 73, 131 S.E. 713 (1926). This well-established law can be found in a number of cases outside of our jurisdiction. *See Wacker Oil, Inc. v. LoneTree Energy, Inc.,* 459 N.W.2d 381, 383 (N.D. 1990) ("[I]n an action to quiet title all persons appearing of record to have a possible claim or interest in the land involved should be made parties."); *Silvas v. Remington Oil and Gas Corp*., 109 Fed. Appx. 676, 677-78 (5th Cir. 2004) ("[N]o decree can be entered affecting the title to property or cancelling any cloud thereon unless all of

the parties interested in the title or in the particular cloud and who will be directly affected by any judgment that may be rendered are properly before the court.").

Additionally, under Rule 24 of the *West Virginia Rules of Civil Procedure*, a property owner, upon timely application, "shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Because Southland's exclusion from the lawsuit could impair its ability to protect its interest in the property, it should have been allowed to intervene.

Further, according to Rule 19 of the *West Virginia Rules of Civil Procedure*: "A person who is subject to service of process shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest[.]"

Southland asserted a number of arguments it could have raised in the circuit court to protect its interest in the property:

> Southland could have demanded that the circuit court observe the governmental agency's adherence to its requirements requiring the notice process to restart. Southland could have argued that the circuit court require proof that the statutorily prescribed notice procedures had been fully complied with by Jones. Southland could have argued that no consideration was provided for the property since the Deputy Commissioner had order[ed] the Marion County Sheriff to return the funds paid. Considering the delay caused by these

3

reasonable defenses, Southland could have, in the interim, conveyed the subject property and paid its delinquent taxes.

Despite Southland's arguments to the contrary, the majority opinion determined that Southland's property interest could not be affected "in light of the limited scope of a Section 60 [W.Va. Code § 11A-3-60] Proceeding, the statutory language contemplating only the tax sale purchaser and the Deputy Commissioner as parties, and the availability of alternate remedies to set aside the deed or the sale[.]" I disagree with the majority's conclusion.

West Virginia Code § 11A-3-60 [1995] does not directly address whether a tax-delinquent property owner, like Southland, may intervene in a proceeding under this section. However, reading W.Va. Code § 11A-3-60 in *pari materia*[2] with the rest of our law on tax-delinquent property, W.Va. Code § 11A-3-1 [1994] *et seq*., reveals that Southland should have been permitted to intervene in this proceeding.

---

[2] We long have held that statutes pertaining to the same subject matter must be read in *pari materia*:

> Statutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent. Accordingly, a court should not limit its consideration to any single part, provision, section, sentence, phrase or word, but rather review the act or statute in its entirety to ascertain legislative intent properly.

Syllabus Point 5, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159 W. Va. 14, 217 S.E.2d 907 (1975). *See also* Syllabus Point 3, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975) ("Statues which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments.").

Our legislature has stated that one of the purposes of our law on tax-delinquent property is to provide "owners of real property . . . adequate notice and an opportunity for redemption before they are divested of their interests in real property for failure to pay taxes[.]" W.Va. Code § 11A-3-1(3). Further, the legislature has provided that a tax-delinquent property owner has the ability to "redeem at any time before the tax deed is issued[.]" W.Va. Code § 11A-3-56 [1995]. Southland retained the right to redeem the property while the proceeding brought by Purchaser Jones was ongoing. Therefore, I find that due process, fairness, and justice mandate that Southland should have been permitted to intervene.

Next, the majority asserts that Southland may pursue other remedies outside of the Section 60 proceeding to protect its property interests. While I agree that Southland may pursue other remedies, this should not preclude Southland from being permitted to intervene in the present case. Assuming, arguendo, that Southland's property interests are unlikely to be affected given the limited scope of a proceeding under W.Va. Code § 11A-3-60, I see no harm in allowing it to intervene and raising arguments that could be germane to the resolution of this matter. Courts should err on the side of inclusion when a property owner seeks to intervene in a lawsuit concerning the property owner's real estate. This Court has recognized that:

> Generally, all persons who are materially interested in the subject-matter involved in a suit, and who will be affected by the result of the proceedings, should be made parties thereto, and when the attention of the court is called to the absence of any of such interested persons, it should see that they are made parties before entering a decree affecting their interests.

5

Syllabus, *Manufacturers' Light & Heat Co. v. Lemasters*, 91 W.Va. 1, 112 S.E. 201 (1922).

Because Southland clearly has a material interest in the subject matter of this lawsuit—the two parcels of real estate it owns—it should have been permitted to intervene.

Based on all of the foregoing, I respectfully dissent.