No. 22-ICA-243 – *Jay Folse v. G. Russell Rollyson, Jr. and John McCuskey, Jr.*

**FILED**

**November 29, 2023**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

GREEAR, Chief Judge, concurring in part and dissenting in part:

I concur in the majority's opinion to reverse the October 13, 2022, order of the Circuit Court of Marshall County granting Respondents' motion to dismiss. However, I disagree with the majority that the interests of the delinquent taxpayer were not transferrable and write separately to discuss a separate basis for the reversal of the circuit court's October 13, 2022, order.

The majority's decision is predicated upon a vastly expansive reading of *State ex rel. Southland Properties, LLC v. Janes*, 240 W. Va. 323, 811 S.E.2d 273 (2018). In addressing a writ of prohibition, the *Southland* Court addressed taxpayer rights under the limited scope of West Virginia Code § 11A-3-60 ("section 60 proceedings") and whether the delinquent taxpayer was an indispensable party to proceedings conducted under that specific statutory section. The Court concluded that a delinquent taxpayer is not an indispensable party to a section 60 proceeding unless redemption has occurred.

The decision in *Southland* was limited in scope to proceedings under West Virginia Code § 11A-3-60, and does not hold, as the majority infers, that the tax delinquent property owner possesses no other rights or interest prior to the issuance of a tax deed. Rather, the *Southland* Court expressly recognized that a delinquent taxpayer also possesses

other remedies at law for setting aside or challenging conveyances. *Id.* at 333, 811 S.E.2d at 283.

West Virginia Code § 11A-3-56, provides that at any point before the tax deed is issued to the purchaser, the property can be redeemed by the owner, or anyone entitled to pay tax on the property. Until the tax deed is executed, the owner has property interests which can be conveyed or assigned to another. Such interest will not amount to anything, including ownership, absent redemption and satisfaction of the delinquent taxes. While I agree with the majority that redemption is necessary to assert an interest in a section 60 proceeding; I would find that a property owner still possesses an interest which is otherwise cognizable and may be conveyed.

The crux of this matter is redemption and if a municipality's attempted use of the merger doctrine acts as a form of redemption. It does not. Here, the majority has failed to address whether the merger doctrine applies to political subdivisions of this state for purposes of property tax sales. West Virginia Code § 11A-3-38(a) provides that:

> The *owner of any real estate* certified to the Auditor pursuant to § 11A-3-8 of this code whose interest is not subject to separate assessment, or any person having a lien on such real estate, or on *an undivided interest therein*, or the owner of any nonentered real estate subject to the authority of the Auditor pursuant to § 11A-3-37 of this code, or any other person who was entitled to pay the taxes thereon *may redeem such real estate from the Auditor at any time prior to the certification of such real estate* to the deputy commissioner as provided in § 11A-3-44 of this code. Thereafter such real estate shall be

subject to disposition pursuant to § 11A-3-44 of this code, and subsequent sections. (emphasis added).

West Virginia Code § 11A-3-56, goes further by providing that:

> [a]fter the sale of any tax lien on any real estate pursuant to § 11A-3-45 or § 11A-3-48 of this code, the *owner of,* or any other person who was entitled to pay the taxes on any real estate for which a tax lien thereon was purchased whose interest is not subject to separate assessment, or any person having a lien on such real estate, or on an undivided interest therein, *may redeem at any time before a tax deed is issued therefor*." (emphasis added).

It has been long understood that prior to a tax deed's issuance, the owner or interested party may redeem the property with payment in full. Here, on May 17, 2022, the City of Cameron received all interests, claims, and titles to the land at 57 Crawford Avenue, which were previously held by Mr. Stanley Lahew. This included the right of redemption. Based on the merger doctrine, the state auditor's office set aside the tax sale and informed the petitioner of the same.

The general rule of law is that where the holder of a lien upon land afterwards acquires the legal title, the lien is merged into his estate and is extinguished. *See EB Dorev Holdings, Inc. v. W. Virginia Dep't of Admin., Real Est. Div.*, 236 W. Va. 627, 631–32, 760 S.E.2d 875, 879–80 (2014) (citing *Sullivan v. Saunders*, 66 W.Va. 350, 66 S.E. 497 (1909)). This application of the doctrine of merger has been evident with land purchased by the state at a sheriff's sale. *See* Syl. Pt. 1*, Armstrong Products Corp. v. Martin*, 119 W.Va. 50, 192 S.E. 125 (1937) (At a tax sale, when land is purchased by the state, its tax

lien is merged in its purchased title). This type of transaction was further discussed in *EB Dorev Holdings*, using the logic discussed in *State v. Locke,* 29 N.M. 148, 219 P. 790 (1923):

> when property is acquired by the State in its sovereign capacity, it thereupon becomes absolved, freed, and relieved from any further liability for taxes previously assessed against it, and which are unpaid at the time it becomes so acquired that from the moment of its acquisition the power to enforce the lien is arrested or abated. The claim of the State for such taxes becomes merged in its ownership of the fee. To consider it further burdened with such lien, and to permit it to be subsequently sold for the payment thereof, results in the State selling its own property to pay itself.

Here the municipality and the state are not the same entities. This is particularly relevant when considering that property owned by a city is subject to state taxation if not used for public purposes. *See* West Virginia Code §11-3-9(a)(3). The merger exemption should be construed narrowly so as to promote full payment and collection of state property taxes. Accordingly, I would hold that the merger doctrine does not apply in the case of property being acquired by a political subdivision which is subject to a state tax lien.

For the above reasons, I concur in part and dissent in part from the majority opinion.