# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ARTHENA ROPER and**
**BRYAN SEWELL,**
**Plaintiffs Below, Petitioners**

**FILED**
**February 3, 2026**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-215**          (Cir. Ct. Jefferson Cnty. Case No. CC-19-2024-C-135)

**CRYSTAL MATTERA, MAPLE**
**HILL HOMES, LLC, and G. RUSSELL**
**ROLLYSON, JR., Deputy Commissioner**
**of Delinquent and Nonentered Lands**
**of Jefferson County, West Virginia,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Arthena Roper and Bryan Sewell appeal the Circuit Court of Jefferson County's April 28, 2025, order, which granted summary judgment in favor of Respondents Maple Hill Homes, LLC ("Maple Hill") and G. Russell Rollyson, Jr., Deputy Commissioner of Delinquent and Nonentered Lands of Jefferson County, West Virginia (the "Deputy Commissioner"). Maple Hill and the Deputy Commissioner filed separate responses.[1] Ms. Roper and Mr. Sewell did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's April 28, 2025, order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 29, 2023, Ms. Roper and Mr. Sewell purchased a delinquent tax lien on a parcel of property owned by Crystal Mattera and located in Jefferson County. Ms. Mattera was served with a notice to redeem on December 16, 2023. That notice to redeem included language specifying that "a deed for such real estate will be made on or after May 1, 2024,

---

[1] Ms. Roper and Mr. Sewell are represented by Eric S. Black, Esq. Maple Hill is represented by Daniel M. Casto, Esq., James P. Campbell, Esq., and Matthew L. Clark, Esq. The Deputy Commissioner is represented by Michael B. Nusbaum, Esq.

1

as provided by law, unless before that day you redeem such real estate. The amount needed to redeem on or before April 30, 2024, will be as follows. . .”

In a deed dated April 25, 2024, Ms. Mattera conveyed the property at issue to Maple Hill. On April 29, 2024, the State Auditor's office received a FedEx package containing a check for the full redemption, sent by the real estate closing attorney representing Ms. Mattera and Maple Hill. Upon receiving the redemption payment, the Deputy Commissioner issued a check to Ms. Roper and Mr. Sewell for the full redemption amount. On May 10, 2024, Ms. Roper and Mr. Sewell sent a letter to the Deputy Commissioner requesting a tax deed for the property at issue. The Deputy Commissioner did not issue a tax deed to Ms. Roper and Ms. Sewell because the redemption amount was received prior to the April 30, 2024, deadline.

On June 28, 2024, Ms. Roper and Mr. Sewell filed this action against Ms. Mattera, Maple Hill, Christopher Mao (member of Maple Hill), and the Deputy Commissioner seeking an order directing the Deputy Commissioner to issue a tax deed and for a judicial declaration that Ms. Roper and Mr. Sewell are fee simple owners of the property. The Deputy Commissioner filed a motion to dismiss, which the circuit court converted to a motion for summary judgment. Maple Hill and Christopher Mao filed summary judgment motions also seeking dismissal. Mr. Mao was dismissed from the case on October 31, 2024. On April 28, 2025, the circuit court entered an order granting summary judgment to Maple Hill and the Deputy Commissioner. In the order, the circuit court determined that the tax lien was timely redeemed prior to the redemption period specified in the notice to redeem and that Ms. Roper's and Mr. Sewell's right to a tax deed never accrued. The circuit court further determined that because the property was timely redeemed and the tax deed never issued, Ms. Mattera was not precluded from conveying the property to Maple Hill. Thus, Maple Hill was the rightful owner of the property. Ms. Roper's and Mr. Sewell's appeal of the April 28, 2025, order followed.

Our standard of review for an order granting summary judgment, such as the order in this case, is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). (“A circuit court's entry of summary judgment is reviewed *de novo*.”). With this standard in mind, we turn to the parties' assignments of error.

On appeal, Ms. Roper and Mr. Sewell advance two related assignments of error. Upon review, we find it appropriate to consolidate and restate those arguments for the purposes of the Court's decision. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating the general proposition that related assignments of error may be consolidated for ruling); *Perry v. Ravenscroft*, No. 24-ICA-134, 2024 WL 5002991, at *3 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (consolidating and restating petitioner's assignments of error on appeal). Restated, they argue that at the time of the conveyance to Maple Hill, Ms. Mattera had a right to redeem

the tax lien, but she had no right to convey the property. They also argue that Ms. Roper and Mr. Sewell are entitled to issuance of a tax deed for the property. We disagree.

Under West Virginia Code § 11A-3-56, the owner of a tax delinquent property may redeem that property at any time before a tax deed is issued for that property:

> After the sale of any tax lien on any real estate pursuant to § 11A-3-45 or § 11A-3-48 of this code, the owner of, or any other person who was entitled to pay the taxes on any real estate for which a tax lien thereon was purchased . . . may redeem at any time before a tax deed is issued therefor.

W. Va. Code § 11A-3-56 (2023). Moreover, this Court has previously determined that the owner of a tax delinquent property retains the right to convey that property prior to the date the tax purchaser's right to request a tax deed accrues. *WVTB, LLC v. Weeks*, No. 23-ICA-433, 2024 WL 5199155, at *3 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision) (citing *Folse v. Rollyson*, 249 W. Va. 389, 895 S.E.2d 244 (Ct. App. 2023)).

Based on our review of the record, it is undisputed that the November 14, 2023, notice to redeem provides that the last day to redeem, before Ms. Roper's and Mr. Sewell's right to a tax deed would accrue, was April 30, 2024. As set forth above, it is undisputed that Ms. Mattera conveyed the property to Maple Hill on April 25, 2024. As this was prior to the date Ms. Roper's and Mr. Sewell's right to a tax deed would have accrued, this conveyance was legal. *See Weeks*, 2024 WL 5199155, at *3; *see also State ex rel. Southland Props., LLC v. Janes*, 240 W. Va. 323, 811 S.E.2d 273 (2018) ("[A] tax-delinquent property owner retains title to their property until the tax lien process has been completed and a deed has been executed."). It is further undisputed that the State Auditor received the redemption amount on April 29, 2024, prior to the April 30, 2024, deadline.[2] Because redemption was timely, we conclude that Ms. Roper's and Mr. Sewell's right to a tax deed never accrued, and thus, they were not entitled to a tax deed. For these reasons,

---

[2] While Ms. Roper and Mr. Sewell fail to address the FedEx receipt in the record demonstrating that the State Auditor's Office received the redemption amount on April 29, 2024, they assert that the property was not redeemed until May 2, 2024, citing a letter from the State Auditor regarding the redemption. However, even if the Court accepted this assertion, it would have not impacted the result in this decision. In their statement of the facts of this case, Ms. Roper and Mr. Sewell identify a May 10, 2024, letter as their first request for the Deputy Commissioner to issue a tax deed for the property at issue. Accordingly, even accepting Ms. Roper and Mr. Sewell's characterization of events, on May 2, 2024, no tax deed had been issued or even requested. As discussed, the owner of a tax delinquent property "may redeem at any time before a tax deed is issued therefor." W. Va. Code § 11A-3-56. As the Deputy Commissioner had not issued a tax deed on May 2, 2024, the property was still subject to redemption.

we find no error in the circuit court's determination that Ms. Roper and Mr. Sewell had no right to a tax deed and that Ms. Mattera's conveyance of the property to Maple Hill was proper.

Accordingly, the circuit court's April 28, 2025, order is affirmed.

Affirmed.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White